UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FESEHATSION GEZAHEY,<br><br>     Plaintiff,<br><br> v.<br><br>GREATER WASHINGTON ONCOLOGY ASSOCIATES/ AMERICAN ONCOLOGY NETWORK,<br><br>     Defendant. | Civil Action No. 22-2838 (JMC) |

## MEMORANDUM OPINION

Plaintiff Fesehatsion Gezahey, proceeding *pro se*, filed a civil complaint in the District of Columbia Superior Court against Defendant Greater Washington Oncology Associates/American Oncology Network, alleging discriminatory termination on the basis of age, race, and national origin in violation of federal law and the District of Columbia Human Rights Act.[1] Defendant removed the case to this Court, then moved to dismiss. Because the Court concludes that Mr. Gezahey's Complaint states a plausible claim for relief, that Mr. Gezahey properly exhausted his administrative remedies, and that the Complaint satisfies the requirements of Federal Rule Civil Procedure 8(a)(2), the Motion to Dismiss is DENIED. Defendant's alternative motion for a more definite statement is likewise DENIED.

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

1

I.   **BACKGROUND**

On August 3, 2022, Fesehatsion Gezahey, acting *pro se*, filed a Complaint in the D.C. Superior Court alleging that he was "terminated from [his] job at the Greater Washington Oncology Associates/ American Oncology Network" and that "[his] termination was discriminatory based on age, race & national origin in violation of Title VII & the DC Human Rights Act." ECF 1-1 at 2. Mr. Gezahey's Complaint alleges a series of incidents involving a manager named Jessica Crown, who Mr. Gezahey says bullied him about his foreign origin and accent, denied him an office key even though "white employees" were given one "as soon as they were hired," and forced him to submit to repeated examinations to see if his "hands were shaking," telling him that "[o]ld people like you have shaky hands." *Id.* Mr. Gezahey further alleges that Ms. Crown "treat[ed] the white staff as her best trusted friends, but she treated [Mr. Gezahey] with suspicion . . . because of [his] race, nationality, and age," *id.*, that she "told the hiring Nurses that they should hire young & female Medical Assistants," *id.*, and that she routinely made Mr. Gezahey wait to use the bathroom and to choose what food to eat at lunch, *id.* at 3.

Mr. Gezahey was terminated by Ms. Crown on August 11, 2021, for purported performance issues. ECF 5-1 at 2. But Mr. Gezahey alleges that his termination "had nothing to do with the unsubstantiated and false incidents reported, and everything to do with the fact that [he does] not fit preconceived notions of what a caretaker/nurse/phlebotomist should look like as an Ethiopian (black) man over 60 years old." ECF 1-1 at 2. He contends the previous management had been happy with his performance. *Id*. Mr. Gezahey also alleges that he experienced multiple incidents of "harassment & bullying" at the hands of Ms. Crown, *id.*, and that after he complained to the Equal Employment Opportunity Commission (EEOC) he was faced with multiple acts of retaliation including withholding his IRS W-2 form, refusing to give him his paid-time-off money,

and giving false information to the employment office that led to the denial of his unemployment benefits, *id.* at 3.

Mr. Gezahey filed a charge with the EEOC on December 9, 2021. ECF 5-1. He received his right to sue letter on May 20, 2022. ECF 5-3. He then filed a timely Complaint in the D.C. Superior Court, seeking compensation for lost wages and pain and suffering, along with punitive damages, attorneys' fees,[2] and reinstatement. ECF 1-1. Defendant removed the case to this Court. ECF 1. Defendant then filed a "Motion to Dismiss or Alternatively, Motion for More Definite Statement" of Mr. Gezahey's claims, contending (a) that the Complaint fails to plausibly state a claim for relief under Title VII or the D.C. Human Rights Act, (b) that Mr. Gezahey had failed to exhaust his administrative remedies, and (c) that the Complaint failed to satisfy the pleading standard in Rule 8(a)(2). ECF 5. Plaintiff filed an Opposition, ECF 12, and Defendant replied, ECF 13.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6) motion to dismiss for failure to state a claim

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In evaluating a motion to dismiss under 12(b)(6), a court must "treat the complaint's factual

---

[2] Although Mr. Gezahey is *pro se* in this matter, he alleges that he "was forced to hire lawyers to be able to get" unemployment benefits that were wrongfully denied to him due to Defendant providing "false information to [the] Employment Office" in retaliation for his filing a complaint with the EEOC. ECF 1-1 at 3. The Court makes no determination about whether Mr. Gezahey would be entitled to attorneys' fees. That question is premature and does not bear on the resolution of Defendant's Motion.

allegations as true" and "grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000).

In ruling on a 12(b)(6) motion, a court "may consider [] the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the court] may take judicial notice," including documents from administrative proceedings before the EEOC. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). That includes "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011). In the case of a *pro se* plaintiff, it also includes documents produced in "filings responsive to a motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015). Finally, when considering a Rule 12(b)(6) motion, the Court will hold a complaint drafted by a *pro se* plaintiff to a less stringent standard than would be applied to a complaint drafted by a lawyer. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).

B.  Exhaustion of administrative remedies

"Title VII requires that a person complaining of a violation file an administrative charge with the EEOC and allow the agency time to act on the charge." *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995). Any civil action that follows a charge of discrimination "is limited in scope to claims that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Id*. Accordingly, "Title VII claims must arise from the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Id.* Defendant bears the burden of proving by a preponderance of the evidence that the plaintiff failed

to exhaust administrative remedies. *Na'im v. Rice*, 577 F. Supp. 2d 361, 370 (D.D.C. 2008) (citing *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985)).

### C. Rule 8(a)(2) motion to dismiss

Rule 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) does not demand "detailed factual allegations" in support of a claim. *Iqbal*, 556 U.S. at 678. Rather, it requires only that the Complaint state a plausible claim for relief, sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bautista-Rosario v. Mnuchin*, 568 F. Supp. 3d 1, 5 (D.D.C. 2021) (citing *Twombly*, 550 U.S. at 555). Although there is considerable overlap between Rule 8(a)(2) and Rule 12(b)(6), dismissal under Rule 8(a)(2) is particularly appropriate when the substance of a complaint is "so confused, ambiguous, vague, or otherwise unintelligible" that the defendant cannot reasonably discern the substance of the claims. *Ciralsky v. CIA*, 355 F.3d 661, 671 n.9 (D.C. Cir. 2004); *see also, e.g.*, *Casares v. Wells Fargo Bank, N.A.*, No. CV 13-1633, 2016 WL 10828094, at *1 (D.D.C. Mar. 22, 2016); *Nichols v. Holder*, 828 F. Supp. 2d 250, 253 (D.D.C. 2011).

### D. Rule 12(e) motion for a more definite statement

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). "Given the liberal nature of the federal pleading standards, Rule 12(e) motions are typically disfavored by courts." *Rahman v. Johanns*, 501 F. Supp. 2d 8, 19 (D.D.C. 2007); *see also Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 110 (D.D.C. 2003) ("Normally . . . the basis for requiring a more definite statement under Rule 12(e) is unintelligibility, not mere lack of detail."). Accordingly, "[w]hen the complaint

5

conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement and require the defendant to bring the case to issue by filing a response within the time provided by the rules." *Potts v. Howard Univ.*, 269 F.R.D. 40, 42 (D.D.C. 2010).

## III. ANALYSIS

Defendant makes three arguments in favor of dismissal: (a) that the Complaint fails to plausibly state a claim for discrimination,[3] (b) that Mr. Gezahey failed to exhaust his administrative remedies, and (c) that the Complaint fails to satisfy the pleading standard set forth in Fed. R. Civ. P. 8(a)(2). The Court considers each argument in turn, ultimately rejecting all three.

### A. The Complaint states a plausible claim for discrimination.

"Courts in this Circuit have consistently recognized the ease with which a plaintiff claiming employment discrimination can survive a [12(b)(6)] motion to dismiss." *McNair v. District of Columbia*, 213 F. Supp. 3d 81, 86 (D.D.C. 2016). A plaintiff need not "plead every fact necessary to establish a *prima facie* case to survive a motion to dismiss." *Jones v. Air Line Pilots Ass'n, Int'l*, 642 F.3d 1100, 1104 (D.C. Cir. 2011). Nonetheless, an employment discrimination plaintiff must

---

[3] The legal standards under the D.C. Human Rights Act are identical to those governing Title VII. *McCain v. CCA of Tenn., Inc.*, 254 F. Supp. 2d 115, 120 (D.D.C. 2003); *DuBerry v. District of Columbia*, 582 F. Supp. 2d 27, 40 (D.D.C. 2008) ("Employment discrimination and retaliation claims under the D.C. Human Rights Act are analyzed using the same legal framework as federal employment discrimination and retaliation claims."). Although Plaintiff's Complaint does not identify the Age Discrimination in Employment Act (ADEA) by name, the there is no question that he is raising an age discrimination claim in this lawsuit, as he did before the EEOC. Similarly, Defendant's Motion refers to Title VII (as cited by Plaintiff), but seeks to dismiss all of Plaintiffs discrimination claims, including his allegation that he was fired because of his age. Accordingly, the Court will construe Plaintiff's Complaint as bringing claims under both the ADEA and Title VII, and Defendant's Motion as seeking to dismiss all Plaintiff's claims. The Court sees no problem doing so because courts "routinely apply the same standards to evaluate Title VII claims as . . . ADEA claims." *Smith v. District of Columbia*, 430 F.3d 450, 455 (D.C. Cir. 2005). That rule of thumb applies to both the requirement that a plaintiff exhaust their remedies prior to litigation, *see Thompson v. District of Columbia*, 272 F. Supp. 3d 17, 22 (D.D.C. 2017), and to the evaluation of an intentional discrimination claim, *see Bartlette v. Hyatt Regency*, 208 F. Supp. 3d 311, 321 (D.D.C. 2016).

allege "specific facts that lay out what happened, who was involved . . . and how such conduct constitutes [] discrimination." *Arnold v. Speer*, 251 F. Supp. 3d 269, 273 (D.D.C. 2017).

Mr. Gezahey's Complaint easily clears that low bar. The Complaint alleges that Mr. Gezahey was terminated from his employment (what happened) by Ms. Crown (who was involved) because he "did not fit preconceived notions of what a caretaker/nurse/phlebotomist should look like as an Ethiopian (black) man over 60 years old" (how such conduct constitutes discrimination). ECF 1-1 at 2. He alleges that Ms. Crown favored his white coworkers and expressed a preference for hiring young, white women. *Id.* In addition, Mr. Gezahey alleges multiple incidents involving Ms. Crown that, if true, would demonstrate her animus toward Mr. Gezahey's protected classes and lend support to his claim that she fired him because of his protected characteristics. These range from her repeatedly calling him names, to mocking his accent, to subjecting him to humiliation based on his age, to engaging in discriminatory hiring practices, to retaliating after he complained to the EEOC. *Id.* Finally, Mr. Gezahey's Complaint alleges that the reasons provided for his termination were false and thus indicative of unlawful pretext. *Id.* Given all the above, the Court concludes that the Complaint states a plausible claim that Mr. Gezahey was terminated because of his race, nationality, and age.

### B. Mr. Gezahey successfully exhausted his administrative remedies.

Second, Defendant argues that, because the Complaint "includes new and discrete factual allegations not asserted in Plaintiff's underlying EEOC Charge," Mr. Gezahey's discrimination claims should be dismissed for failure to exhaust administrative remedies. ECF 5 at 1. Specifically, Defendant complains that the EEOC complaint did not mention an "Office Manager," instead describing the actions of an "HR Manager" and an "assistant manager." *Id.* at 9. As an initial matter, it is far from clear that Mr. Gezahey was not referring to Ms. Crown when he wrote about

7

the HR manager; after all, he attributes some of the same underlying conduct to that individual. Indeed, in the Statement of Position it filed in response to Mr. Gezahey's EEOC charge, Defendant went out of its way to inform the EEOC that Defendant employed no "HR manager" and that it assumed Mr. Gezahey was referring to Ms. Crown. ECF 5-2 at 6–7. That is difficult to reconcile with Defendant's current position that the EEOC would not have investigated Ms. Crown's actions based on Mr. Gezahey's administrative charges. Regardless, a plaintiff is not limited to the same evidence they cited to the agency when they proceed to litigation, so long as the scope of the claims is consistent. *See Park*, 71 F.3d at 907. Such is the case here. Mr. Gezahey's EEOC complaint clearly stated that he was unlawfully terminated because of his race, nationality, and age. ECF 5-1. Assuming that (as Mr. Gezahey alleges) Ms. Crown was responsible for his termination, it is more than probable that her actions toward Mr. Gezahey would have been uncovered in any administrative investigation of the charge. Nor does Defendant cite any authority to suggest that the date range specified in the EEOC charge precludes Mr. Gezahey, now in court, from citing evidence of events outside that time frame that may constitute relevant evidence of a discriminatory act that occurred inside the time frame. Accordingly, the Court finds that Defendant has not shown that Mr. Gezahey failed to exhaust his administrative remedies with regard to his discrimination claims.[4]

---

[4] The Court reads the Complaint as articulating a claim for discriminatory termination on the basis of race, nationality, and age, as did his EEOC charge. *See* ECF 5-1. Although the Complaint contains several allegations that could potentially be read to support a hostile work environment or a retaliation claim, the Complaint gives no indication that those allegations are meant to constitute freestanding claims under either of those theories. Indeed, some of these allegations appear under the section of the standard form that asks *pro se* plaintiffs to "[s]tate any other information, of which the Court should be aware," ECF 1-1 at 3, which further suggests to the Court that Mr. Gezahey included these allegations to support his claim of discriminatory termination. To the extent that the Complaint could be construed as making any such claims, those claims have not been exhausted, at least based on the information currently before the Court.

### C. Mr. Gezahey's Complaint satisfies the requirements of Rule 8(a)(2), and a more definite statement is not necessary for the case to proceed.

Third, Defendant argues that Mr. Gezahey's Complaint fails to satisfy the pleading standards of Rule 8(a)(2).[5] Specifically, Defendant contends that "[b]ecause of the confusing and ambiguous allegations in the Complaint, it is difficult for [it] to determine which claims are before the Court and whether those claims are being raised pursuant to Title VII or the DC Human Rights Act." ECF 5 at 10. Defendant also complains that the Complaint contains "no paragraph numbering" and that it is "replete with vague and conclusory assertions not grounded in fact or law." *Id.* The Court disagrees. Defendant has filed a motion to dismiss that successfully identifies and coherently rebuts Mr. Gezahey's discrimination claims under both federal and local law. *Id.* at 5. What is more, it is clear from the record that Defendant understood the nature of Mr. Gezahey's claims as far back as its response to his initial EEOC charge. *See* ECF 5-2 ("[W]e are confident that no discrimination occurred of any kind and that Charging Party's employment was terminated for legitimate, non-discriminatory reasons. As such, the Charge should be dismissed in its entirety."). Because Defendant has had no problem understanding the plausible claims that have been made against it, the requirements of Rule 8(a)(2) are met.

As for Defendant's concern that the Complaint is not broken into numbered paragraphs, the Court notes that Mr. Gezahey, who is proceeding *pro se*, submitted his original Complaint using the D.C. Superior Court's standard form, which (naturally) contains no mention of the requirements of Rule 10(b). *See* ECF 1-1. At this point, it would be inefficient to require Mr.

---

[5] Defendant also argues, briefly, that the Complaint should be dismissed under Fed. R. Civ. P. 8(a)(1) because the Complaint includes no jurisdictional statement. ECF 5 at 11. But it was Defendant that removed the case to this Court. *See* ECF 1. And Mr. Gezahey's Complaint includes a statement explaining the Superior Court's jurisdiction. *See* ECF 1-1 at 2. Defendant makes no substantive challenge to the Court's jurisdiction in this case. *See generally* ECF 5. Accordingly, Defendant's 8(a)(1) challenge fails.

Gezahey to redraft his Complaint—initially filed in local court—to conform to Rule 10(b). Given the brevity of the Complaint, the Court does not believe Defendant will have any trouble identifying the allegations to which it must respond.[6] Accordingly, the Court does not find it necessary to order Mr. Gezahey to submit a more definite statement. It is time for the case to move forward.

## IV.     CONCLUSION

The Motion to Dismiss is DENIED. The Motion for a More Definite Statement is likewise DENIED.

A separate Order accompanies this Opinion.

**SO ORDERED.**

DATE: February 16, 2023

_____
Jia M. Cobb
U.S. District Court Judge

---

[6] If there is any doubt as to this point, Defendant may choose to answer the short Complaint sentence-by-sentence.